[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

———————————

No. 00-2336


HUNG TAN VO,

Petitioner, Appellant,

v.

MICHAEL T. MALONEY,

Respondent, Appellee.


———————————


APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]


———————————


Before

Boudin, Chief Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.


———————————


Kenneth G. Littman, Peppard & Littman, P.C., for appellant.
Thomas F. Reilly, Attorney General, with whom Annette C. Benedetto, Assistant Attorney General, was on brief, for appellee.


———————————

September 24, 2001
_____

**LYNCH,** <u>Circuit Judge</u>.  The district court denied the habeas corpus petition under 28 U.S.C. § 2254 of Hung Tan Vo, who was convicted of murder in state court and sentenced to life imprisonment.

Vo asserts on habeas that he was not competent to stand trial as of the point in his murder trial when he learned his girlfriend, Maureen Ambrose, was living with another man, and that the conclusion of the state courts that he was competent was wrong.  He also argues that his counsel was constitutionally ineffective, inter alia, in permitting the trial to go forward.  Finally, he claims that jury instructions on malice aforethought and deliberate premeditation (not objected to at trial) were constitutionally offensive.  He asserts that the state court decisions ruling against him on these points were contrary to, and an unreasonable application of, established federal constitutional law.

Vo's murder conviction was affirmed on appeal by the Massachusetts Supreme Judicial Court. <u>Commonwealth</u> v. <u>Vo</u>, 427

Mass. 464, 693 N.E.2d 1374 (1998). The trial judge's determination, made after an evidentiary hearing more than three years after trial, that Vo was not incompetent was also affirmed. Id. at 467-69.

This case is a tragedy originating in a love triangle and culminating with one man dead and another in prison for life. The woman involved, Ambrose, testified for the state and was, apparently, never charged for her role. The facts underlying the conviction and the analysis of the issues on habeas are set forth ably in the Magistrate Judge's report and recommendation, which was adopted by the district court in a succinct Memorandum Order. Both courts were correct in their decision to deny the habeas petition and there is no need to repeat their analysis. The state supreme court decision was neither contrary to, nor an unreasonable application of, established federal constitutional law.

We add only this. This petition is brought within the constraints on federal habeas power established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub. L. No. 104-132, 110 Stat. 1214 (codified as amended in scattered sections of 8, 18, 22, 28, 40 and 42

U.S.C.). A habeas petition may not be granted unless the state court decision: 1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or 2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (Supp. II 1996).

The primary issue argued on habeas concerns the competency determination. The determination of whether Vo was competent to stand trial was essentially a fact determination. Thompson v. Keohane, 516 U.S. 99, 111 (1995), citing Maggio v. Fulford, 462 U.S. 111, 117 (1983) (per curiam). AEDPA established a presumption of correctness of "a determination of a factual issue made by a State court" as provided in 28 U.S.C. § 2254(e)(1):

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

-4-

Vo thus must show error in the state court's factual determination of competency "by clear and convincing evidence." This he has not done. That factual determination was made by the judge who presided over the trial, saw Vo testify, and who later evaluated the witnesses as to the competency issue. Credibility determinations are committed to the sound discretion of the trial judge. The trial judge's conclusion that Vo was competent finds ample support in the record.

Affirmed.